NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Crim. No. 13-429 (RBK) |
| v. | : | |
| | : | **OPINION** |
| JUSTIN GOULD, | : | |
| | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence under the First Step Act and to Appoint Counsel (Doc. No. 347). For the reasons set forth below, Defendant's Motion is **DENIED**.

I.   BACKGROUND

   A.  Factual Background

Defendant Justin Gould is an inmate in custody at U.S.P. Canaan in Waymart, Pennsylvania. (Doc. No. 347). On January 5, 2016, Defendant pled guilty to charges of conspiracy to distribute and to possess with intent to distribute a quantity of heroin and of felon in possession of a firearm. (Doc. No. 224). On September 28, 2016, Defendant was sentenced to a total of 120 months' incarceration followed by five years of supervised release. (Doc. No. 281).

On December 16, 2020, Defendant submitted a formal request for compassionate release to the Bureau of Prisons. (Doc. No. 354 at 2). According to prison officials, they never received Defendant's request for compassionate release; the Government agrees that Defendant has

1

satisfied the administrative exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A). (*Id.* at 3). On February 3, 2021, Defendant filed the current motion with the Court seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), claiming that his hypertension increases his risk of developing severe symptoms from COVID-19. (Doc. No. 347 ¶¶ 7, 9). In his motion, Defendant reports that there was a substantial COVID-19 outbreak at U.S.P. Canaan. Around November 2020, at least 146 inmates and 30 staff members contracted the virus,[1] including inmates in Defendant's own housing unit; Defendant himself contracted COVID-19 in January 2021. (*Id.* ¶¶ 1-4). Defendant alleges structural issues with abiding by social distancing health protocols while in prison, such as the inability to socially distance in or sanitize communal spaces and the lack of hand sanitizer due to its status as contraband. (*Id.* ¶¶ 10-11). Defendant further alleges ongoing conduct by prison staff that renders health protocols impossible to follow: staff members refuse to wear masks or gloves, even while serving food, stating that COVID-19 is a "hoax" and "President Trump don't wear a mask, so we don't either." (*Id.* ¶ 5).

## II.   LEGAL STANDARD

### A.  Motion for Reduction of Sentence Under the First Step Act

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] As of September 20, 2021, the Bureau of Prisons reports zero active COVID-19 cases among inmates and one active COVID-19 case among staff members at U.S.P. Canaan. Federal Bureau of Prisons COVID-19 Coronavirus, https://www.bop.gov/coronavirus/.

> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The changes implemented by the First Step Act's amendment allow prisoners to directly petition the court, as opposed to the Bureau of Prisons, for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i) provided, however, they satisfy the exhaustion requirements first. *United States v. Rodriguez*, 451 F. Supp. 3d 392, 396 (E.D. Pa. 2020).

Thus, the first step for a defendant in a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is to exhaust any available administrative remedies. *United States v. Babbitt*, No. CR 18-384, 2020 WL 6153608, at *3 (E.D. Pa. Oct. 21, 2020). To exhaust administrative remedies, a defendant must first present his request for compassionate release to the warden. *United States v. Raia*, 954 F.3d 594, 595–96 (3d Cir. 2020). Thirty days after submitting the request or after receipt of an adverse decision, whichever is earlier, the defendant may move for compassionate release in the district court. *Id.* At the second step, a defendant has the burden of demonstrating to the Court that "(1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

### III.   DISCUSSION

It is not disputed that the first step—exhaustion of administrative remedies—has been satisfied here. (Doc. No. 354 at 3). Therefore, we must consider whether Defendant has carried his burden at the second step of the analysis. That is, he must demonstrate that: (1) extraordinary and compelling circumstances warrant a reduction in sentence; (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission; and (3) the reduction is

appropriate in light of the relevant factors set forth in Section 3553(a). *United States v. Tolbert*, No. CR 10-633-2, 2021 WL 1193369, at *1 (E.D. Pa. Mar. 30, 2021). Defendant's motion crumples under the weight of the first element—extraordinary and compelling reasons.

### A. Extraordinary and Compelling Reasons

"Extraordinary and compelling reasons" are not defined by statute. Rather, Congress tasked the United States Sentencing Commission with providing a definition. Congress's only instruction to the Commission was that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). The Commission provided such a definition in U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). There, the Commission explained that extraordinary and compelling reasons exist where there is:

> (A) terminal illness diagnoses or serious medical, physical or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence; or (C) two family related circumstances: (i) death/incapacitation of the only caregiver for the inmate's children or (ii) incapacitation of an inmate's spouse, if the inmate is the spouse's only caregiver.

U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). In subsection (D) of the Application Note to U.S.S.G. § 1B1.13, is a catchall provision that gives the Director of the BOP the authority to determine if "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with" the other three categories. *Id.* cmt. n.1(D). The definition of "extraordinary and compelling reasons" has not been updated since the First Step Act's enactment. Without an updated definition, there is a consensus view among sentencing courts that the definition at Section 1B1.13 "does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A) [sic]." *United States v. Somerville*, 463 F. Supp. 3d 585, 594 (W.D. Pa. 2020) (quoting *United States v. Rodriguez*, 451 F. Supp. 3d at

397); *United States v. Davidson*, No. 2:16-CR-00139-2, 2020 WL 4877255 at *18 (W.D. Pa. Aug. 20, 2020); *United States v. Jones*, No. 94-CR-20079-EJD-1, 2020 WL 5359636, at *5 (N.D. Cal. Aug. 27, 2020). However, the definition at Section 1B1.13 continues to "provide[ ] helpful guidance." *Rodriguez*, 451 F. Supp. 3d at 397 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)); *accord United States v. Andrews*, ___ F. 3d ___, Crim. No. 20-2768 at *6 (3d Cir. Aug. 30, 2021) (finding that the District Court did not err in its conclusion that "it was not bound by [Section 1B1.13,]" but "the policy could still provide helpful guidance in determining what constitutes extraordinary and compelling reasons.").

The Third Circuit has observed generally that the mere "existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner[.]" *United States v. Roeder*, 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020). Thus, most defendants who successfully move for release related to COVID-19 through Section 3582(c)(1)(A) demonstrate that: (1) they are particularly vulnerable to developing severe illness from COVID-19 because of age or a medical condition(s); and (2) there is "an actual, non-speculative risk of exposure to COVID-19 in the facility where [they are] held." *Somerville*, 463 F. Supp. 3d at 597.

Here, Defendant asserts that his hypertension places him at a uniquely high risk of suffering grave illness if he contracts COVID-19. Hypertension has been shown to raise the risk of, or at least correlate with incidents of, illness due to COVID-19. *See United States v. Rodriguez*, 451 F. Supp. 3d at 402 n.15 (discussing the relationship between hypertension and COVID-19 illness). However, Defendant's proffered reasons for compassionate release center on the general conditions of the prison, not his own particular vulnerability. Even with this heightened risk due to hypertension, Defendant still fails to show there are extraordinary and compelling reasons to

grant his sentence reduction because he has declined to get vaccinated against COVID-19. (Doc. No. 354-2). Defendant has declined to "provide self-care" and take demonstrably safe, effective action against the risk of COVID-19 infection. Put another way, "Defendant cannot establish that his conditions are exceptional and demand immediate release when he intentionally prevents the BOP from mitigating dangers to his health and safety." *United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021). Accordingly, even in light of Defendant's underlying health condition, there are not extraordinary and compelling reasons for his compassionate release.

### B. Section 3553(a) Factors

Moreover, an analysis of the Section 3553(a) factors further supports the denial of Defendant's request for sentence reduction. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553.

Defendant offers no argument as to how the factors weigh in his favor. The Government argues that the factors weigh against release because Defendant has a history of serious offenses, including aggravated assault, conspiracy to manufacture, distribute, and/or dispense controlled dangerous substances (CDS), and possession of CDS with intent to distribute, and distribution of CDS on school property. (Doc. No. 354 at 20).

The Court agrees that the Section 3553 factors weigh against granting compassionate release. The nature and circumstances of Defendant's criminal history weigh against granting

compassionate release. Moreover, the Court is mindful of the need for the sentence imposed to protect the public from future violence and afford adequate deterrence. *See United States v. Butler*, Crim. No. 19-834-10, 2020 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (denying a motion for early release of an inmate with asthma and a serious heart condition, after finding that, "[w]hile the prospect of contracting COVID-19 undeniably presents a serious risk to [the defendant's] health, his [early] release . . . at least equally exposes the community to a serious risk that he would resume violence."). The Court believes that the present sentence is needed to provide just punishment and specific deterrence for Defendant. Accordingly, the Court finds that the Section 3553(a) factors weigh against compassionate release.

### IV.     CONCLUSION

For the reasons expressed above, Defendant's Motion for Reduction of Sentence under the First Step Act and to Appoint Counsel (Doc. No. 347) is **DENIED**.


Dated: 9/20/2021                              /s/ Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge